IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TANYA WASHINGTON ) | |
| ) | No. 18-17465 |
| ) | Chapter 13 |
| Debtor ) | Honorable Timothy A. Barnes |
| ) | Hearing Date: 10-11-18, 9:30 am |

## NOTICE OF MOTION

To:   See attached Service List.

YOU ARE HEREBY NOTIFIED that on October 11, 2018, at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before The Honorable Judge Timothy A. Barnes in courtroom 744 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present for hearing the attached MOTION FOR RELIEF FROM STAY at which time and place you may appear as you see fit to do.

_____
Benjamin J. Rooney

## PROOF OF SERVICE

The undersigned attorney certifies that he served a true and correct copy of the foregoing electronically to all parties eligible and by depositing same in the U.S. Mail, Wheaton, Illinois addressed to the parties appearing above on the 25th day of September, 2018.

_____
Benjamin J. Rooney

SUBSCRIBED and SWORN to before me
This 25th day of September, 2018.

_____
Notary Public
#6308111
Benjamin J. Rooney
KEAY & COSTELLO, P.C.
128 South County Farm Road
Wheaton, Illinois 60187
(630) 690-6446

KATHERINE L SMUCINSKI
Official Seal
Notary Public - State of Illinois
My Commission Expires Sep 22, 2019

1

## SERVICE LIST

Tanya Washington
18721 Castle Dargan Drive
Country Club Hills, Illinois 60478

Rodion Leshinsky
The Semrad Law Firm, LLC
20 S. Clark Street, 28th Floor
Chicago, Illinois 60603
(By electronic notice through ECF)

Marilyn O Marshall
224 South Michigan Ste 800
Chicago, Illinois 60604
(By electronic notice through ECF)

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn St., Room 873
Chicago, Illinois 60604
(By electronic notice through ECF)

2

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TANYA WASHINGTON ) | |
| ) | No. 18-17465 |
| ) | Chapter 13 |
| Debtor ) | Honorable Timothy A. Barnes |
| ) | Hearing Date: 10/05/18, 9:30 am |

## MOTION FOR RELIEF FROM STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE

NOW COMES a certain creditor, HOMEWOOD SHORES CONDOMINIUM ASSOCIATIN, by and through its attorneys, KEAY & COSTELLO, P.C., and in support of its Motion for Relief from Stay, states as follows:

1. That the creditor is HOMEWOOD SHORES CONDOMINIUM ASSOCIATION (hereinafter referred to as "HOMEWOOD SHORES"), an Illinois not-for-profit corporation and condominium association governed by the Illinois Condominium Property Act (765 ILCS 605/1 et seq.).

2. That the Debtor, TANYA WASHINGTON (hereinafter referred to as "Debtor") is the owner of residential real estate that is part of HOMEWOOD SHORES. Specifically, Debtor is the owner of the property located at 820 Elder Road, Unit 402, Homewood, Cook County, Illinois.

3. That pursuant to 9(g)(1) of the Illinois Condominium Property Act (765 ILCS 605/1 et seq.) and HOMEWOOD SHORES's governing documents, which have been recorded with the Recorder of Deeds of Cook County, Illinois, a lien attaches to the property of the Debtor to secure unpaid assessments and other obligations arising out of ownership of a unit under the jurisdiction of HOMEWOOD SHORES.

1

4. That as owner of a unit at HOMEWOOD SHORES, the Debtor is obligated to pay assessments to HOMEWOOD SHORES.

5. That since the filing of Debtor's Chapter 13 petition on June 19, 2018, the Debtor has failed to remain current on her post-petition obligation to pay monthly assessments to HOMEWOOD SHORES.

6. That in addition to the assessments, Debtor has been assessed late fees as a result of his failure to pay post-petition assessments in a timely fashion.

7. Accordingly, beginning on June 2018 through the filing of this Motion, Debtor has failed to pay the amount of $277.01 in post-petition assessments, late fees, and fines to HOMEWOOD SHORES. Additionally, HOMEWOOD SHORES has incurred $600.00 in attorney's fees and $181.00 in court costs as a result of Debtor's failure to remain current on their post-petition obligation to the Association. Collection of said attorney's fees and court costs is authorized by the Association's Declaration.

8. Collection of said attorney fees and court costs is authorized by 9.2(b) of the Illinois Condominium Property Act and the Declaration. (765 ILCS 605/9.2(b)) (West 2017).

9. Therefore, the total amount due through the filing of this Motion for post-petition assessments, late fees, fines, attorney's fees, and court costs is $1,058.01.

10. That HOMEWOOD SHORES was not named as a creditor in the Debtor's Chapter 13 petition or plan and received no notice of the petition at the time it was filed.

11. As a result of HOMEWOOD SHORES being left out of Debtor's plan and petition, HOMEWOOD SHORES did not have the opportunity to file a proof of claim for its pre-petition secured debt or object to confirmation of the plan prior to the confirmation date.

2

11. That the confirmed plan fails to account for HOMEWOOD SHORES's pre-petition secured debt of $5,169.14.

12. Therefore, the total amount due through September 2018 for post-petition assessments, late fees, attorney fees, and court costs plus the pre-petition arrearage not included in the plan is $6,227.15.

12. That pursuant to Section 362 of the Bankruptcy Code, HOMEWOOD SHORES moves this court for entry of an order modifying the automatic stay arising as a result of Debtor's Chapter 13 filing.

13. That HOMEWOOD SHORES is entitled to relief from the automatic stay so it may initiate collection proceedings against the Debtor for the assessments and other charges that became due and owing after Debtor's Chapter 13 filing.

14. That HOMEWOOD SHORES is entitled to relief from the automatic stay for the following reasons:

    a. Debtor has made material defaults under the terms of the Declaration;

    b. There is currently a continuing increase in the total indebtedness chargeable against the real estate for payment of assessments and other charges due under the Declaration which result in HOMEWOOD SHORES being deprived of adequate protection of its interest in the real estate; and

    c. The subject real estate is not necessary for a successful reorganization of the Debtor.

15. That HOMEWOOD SHORES requests waiver of the 14-day stay provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

3

WHEREFORE, the Creditor, herein, HOMEWOOD SHORES, prays this court enter an order modifying the stay permitting HOMEWOOD SHORES, to initiate collection proceedings of all post-petition association assessments due from the Debtor, TANYA WASHINGTON, as a result of the ownership of the premises described herein, and for any such other and further relief as this court deems just and equitable within the premises.

HOMEWOOD SHORES CONDOMINIUM ASSOCIATION

By: _____
One of its attorneys

ARDC: 6308111
Benjamin J. Rooney
KEAY & COSTELLO, P.C.
128 South County Farm Road
Wheaton, Illinois 60187
(630) 690-6446

4